W. B. SHOPE v. E. E. BOYER; PARTS DISTRIBUTORS WAREHOUSE,
INC., A CORPORATION; J. R. HARRIS; DAVIE AUTO PARTS CO., INC.,
A CORPORATION; MOTOR SUPPLY, INC., A CORPORATION; ROWAN AUTO
PARTS, INC., A CORPORATION; S. B. NORTON; NORTON-RUSS AUTO-
MOTIVE COMPANY, A CORPORATION; T. B. BROOKS; TOM'S AUTO
SUPPLY OF OXFORD, INC.; A CORPORATION; TOM'S AUTO SUPPLY OF
ROXBORO, INC., A CORPORATION; MOTOR SUPPLY CO., INC., A COR-
PORATION; O. D. HUNT; AUTO SUPPLIERS, INC., A CORPORATION; W.
K. REYNOLDS; GATE CITY AUTO PARTS COMPANY, A CORPORATION;
V. R. WHITLEY; WHITLEY AUTO SUPPLY CO., A CORPORATION; O. O.
HARRILL; SANFORD AUTO SUPPLY, INC., A CORPORATION; J. HOLMES
DAVIS, JR.; JEWELL-STRICKLAND AUTO PARTS COMPANY, INC.,
A CORPORATION; AND E. C. HOWELL.

(Filed 2 November, 1966.)

**1. Contracts §§ 12, 21—**

The complaint alleged that customers of a distributing company de-
siring from time to time to purchase some of their requirements from
the named distributor agreed to maintain on deposit with the distributor
an ascertainable sum to guarantee payment. *Held:* The obligation of the
customers was to maintain the required deposits to guarantee payment of
those purchases the customers desired to make from time to time, and in
the absence of allegation that the customers failed to maintain the re-
quired deposits or failed to purchase from the distributor some of their
requirements or such of them as they desired, the complaint fails to allege
breach of the contract.

**2. Same—**

Where customers obligate themselves to maintain a deposit to guarantee
payment of such items as they desire to purchase from the named dis-
tributor, allegations that the customers subscribed to stock in a competing
business does not allege any unlawful or tortious act or breach of contract.

**3. Conspiracy § 1—**

An action for civil conspiracy will not lie for a mere conspiracy alone,
but only to recover the damages resulting from wrongful or unlawful acts
committed pursuant to the conspiracy.

**4. Conspiracy § 2— Complaint for civil conspiracy which fails to allege
any wrongful act committed pursuant to conspiracy is demurrable.**

Plaintiff alleged that he was employed by a distributor, that defendants
were customers of the distributor and under obligation to maintain a de-
posit with the distributor to guarantee payment for such items as the
customers desired from time to time to purchase from the distributor, and
that defendants entered into an unlawful conspiracy to bankrupt the dis-
tributor, and thus injure plaintiff in his contract of employment with the
distributor by depriving it of its customers, and that defendants purchased
stock in a competing business. *Held:* In the absence of allegation that the
defendants failed to place such orders with the distributor as they desired,
that they failed to maintain the deposit required by the contract, or did
any overt wrongful act pursuant to the conspiracy, the complaint fails to
state a cause of action and demurrer was properly sustained.

APPEAL by plaintiff from *Riddle, S.J.,* May 23, 1966 Schedule D Session, MECKLENBURG Superior Court.

The plaintiff instituted this civil action against the individual and the corporate defendants named in the caption. Each individual defendant is alleged to be the executive officer of the corporation immediately following his name. The complaint contains 47 paragraphs. In material substance it alleges: That prior to the institution of this action the defendants, as jobbers, were engaged in the sale and distribution of automotive parts in North Carolina. On May 29, 1961, Automotive Parts Central Warehouse, Inc., (A. P. Central) was incorporated "for the purpose of serving automotive jobbers in the State of North Carolina with merchandise and stock in the automobile replacement parts business." On June 21, 1961, the plaintiff entered into an employment contract with A. P. Central in which he agreed to serve as its president and principal officer for a period of 10 years. He was to receive two per cent of all purchases billed to A. P. Central. Each of the defendants had knowledge of the terms of the plaintiff's contract.

Each corporate defendant as "customer" entered into a written contract with A. P. Central as "seller," a copy of which was attached to and made a part of the complaint in this action. The contract provided:

> "WHEREAS, Seller (A. P. Central) is engaged in the business of buying, selling and warehousing automobile parts and other products; and
>
> "Whereas, Customer (each defendant) *desires* from time to time to purchase *some* of its requirements of such parts and other articles as are warehoused and sold by the Seller; (emphasis added)
>
> "Now, THEREFORE, in consideration of Seller's selling automobile and other parts from time to time to the undersigned, Customer hereby agrees to maintain on deposit with the Seller the sum of ($5,000.00) to guarantee payment of its accounts by the 10th of each month."

The contract further provided that the deposit should be maintained at 1½ times the monthly purchases, the seller to be charged with interest at six per cent on the deposit. Customer may advise seller it will no longer purchase merchandise from seller and desires a return of the deposit. The seller shall have six months in which to return the deposit in cash or in merchandise.

The plaintiff pitches this cause of action upon the alleged conspiracy of the defendants to violate the above designated contract. The complaint alleges:

"32. During the spring and summer . . . of 1964 each individual defendant, for himself and in behalf of each corporate defendant . . . entered into an unlawful agreement and conspiracy to deprive A. P. Central of all its legitimate customers, to prevent A. P. Central's Suppliers from selling to A. P. Central, in order to render A. P. Central unable to perform its contract of employment with the plaintiff . . .

"38. The corporate defendant, Parts Distributors Warehouse, Inc., was formed on October 12, 1964, and, on or about said date, the defendants herein became stock subscribers in said corporation with the corrupt, tortious and unlawful intent to breach their own contracts with A. P. Central, thereby causing A. P. Central's bankruptcy, all of said scheme having been executed with the design and intent to destroy the plaintiff's contract of employment with A. P. Central.

"42. The defendants herein pursued the common goal of forcing A. P. Central into bankruptcy in order that the plaintiff's contract of employment, by virtue of the defendants having intentionally and corruptly forced A. P. Central into bankruptcy for the purpose of damage to the plaintiff, entitles the plaintiff to recover punitive damages . . ."

The plaintiff asks for $3,917.41 in actual damages, for loss of benefits to the date of filing the complaint, and $3,176.32 per month thereafter, and for $667,027.20 punitive damages.

The defendants filed a demurrer to the complaint upon these grounds:

(1.) It fails to allege facts sufficient to constitute a cause of action in that the contract, which is a part of the complaint, obligated the defendant to do no more than purchase some of its requirements from A. P. Central, the amount of the purchases to be determined by customer, and to keep on deposit a fund to guarantee the payment of the accounts. The contract obligated the customer to make purchases in accordance with *its desires*. Plaintiff was not a party to the contract, and acquired no legal rights under it.

(2) Any cause of action in favor of A. P. Central arising under the contract would exist in favor of A. P. Central and pass to the trustee in bankruptcy and became a matter for the United States District Court in the bankruptcy proceeding.

(3) The complaint fails to allege that any defendant committed any overt or unlawful act, or any lawful act in an unlawful manner pursuant to the conspiracy. The terms of the defendants' contracts with A. P. Central required each defendant to purchase only according to its desires. The seller is given no right to require customer to

do anything specific except keep on deposit a sum sufficient to pay its accounts.

(4) The allegations of the complaint repeat and re-repeat conclusions without alleging any wrongful act sufficient to support any of the conclusions that plaintiff has a cause of action against any defendant.

Judge Riddle sustained the demurrer. The plaintiff declined to amend and announced its purpose to rely on the sufficiency of his complaint. He excepted to the order sustaining the demurrer and appealed.

*Warren C. Stack, James L. Cole for plaintiff appellant.*

*Helms, Mulliss, McMillan & Johnston by Fred B. Helms for defendant appellees.*

HIGGINS, J. The demurrer challenges the complaint as fatally defective in factual averments. These defects appear upon its face. Attached to and made a part of plaintiff's basic pleading is a copy of the contract between A. P. Central as seller, and each corporate defendant as customer. The plaintiff alleges the defendants conspired to violate the attached contract. The contract provides:

> "WHEREAS, Customer *desires* from time to time to purchase *some* of its requirements of such parts and other articles as are warehoused and sold by the Seller and Customer agrees to maintain on deposit with the Seller the sum of $5,000.00 to guarantee payment." (emphasis added)

The complaint does not allege any customer failed to purchase from A. P. Central some of its requirements or such of them as it desires; or failed to keep on deposit a sum sufficient to guarantee payment of its accounts. Facts are not alleged which permit the inference that any defendant breached the contract. In any event, even if the complaint alleged a cause of action for breach, it would be in favor of A. P. Central—not the plaintiff.

The complaint further alleges that defendants conspired to bankrupt A. P. Central by subscribing to stock in Parts Distributors Warehouse, Inc. Again, facts are not alleged from which it may be inferred that any defendant by subscribing to stock in a competing business violated the contract with A. P. Central, or any duty to plaintiff arising by contract or otherwise. The complaint fails to allege any unlawful or tortious act of any defendant giving rise to a cause of action in the plaintiff's favor or that the plaintiff has any right to assert any cause which A. P. Central might have against any defendant.

The plaintiff appears to rely on his charge of conspiracy. However, he fails to allege any overt, tortious, or unlawful act which any defendant committed in furtherance of the conspiracy. In civil conspiracy, recovery must be on the basis of sufficiently alleged wrongful overt acts. The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all. *Muse v. Morrison,* 234 N.C. 195, 66 S.E. 2d 783; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577.

The complaint concludes that each defendant, by subscribing to stock in Parts Distributors Warehouse, Inc., thereby breached the contract between A. P. Central and the defendants. Again, facts constituting a breach are not alleged. The conclusion is therefore unwarranted. *McNeill v. Hall,* 220 N.C. 73, 16 S.E. 2d 456.

The rule of law involved is discussed by Bobbitt, J., in *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125:

"Attention is called to certain relevant general principles. 'Accurately speaking, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself; and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone. The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage—not the conspiracy or the combination. The combination may be of no consequence except as bearing upon rules of evidence or the persons liable.' 11 Am. Jur., 577, Conspiracy, sec. 45. To create civil liability for conspiracy there must have been an overt act committed by one or more of the conspirators pursuant to the scheme and in furtherance of the objective. 15 C.J.S. 100, Conspiracy, sec. 5. *Muse v. Morrison,* 234 N.C. 195, 66 S.E. 2d 783; *Holt v. Holt,* 232 N.C. 497, 61 S.E. 2d 448."

We must judge the sufficiency of the complaint by the facts alleged and not by pleader's conclusions. *Bennett v. Surety Co.,* 261 N.C. 345, 134 S.E. 2d 678. The repeated use of the words combined, conspired, and agreed together to injure the plaintiff, are but conclusions of the pleader and without the allegation of the overt acts the complaint is insufficient to state a cause of action and cannot survive the demurrer. *Bennett v. Surety Co., supra; Jewell v. Price,* 259 N.C. 345, 130 S.E. 2d 668; *Burns v. Oil Co.,* 246 N.C. 266, 98 S.E. 2d 339; *Kirby v. Reynolds,* 212 N.C. 271, 193 S.E. 412.

We conclude that the complaint fails to state any cause of action which exists in favor of the plaintiff against any of the defendants. The judgment sustaining the demurrer is

Affirmed.